■ INDEPENDENT HEALTH ASSOCIATION, INC., Respondent, v SUSAN E. GRABENSTATTER et al., Appellants, et al., Defendant. [678 NYS2d 220] —Order and judgment insofar as appealed from reversed on the law with costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Defendant Susan E. Grabenstatter was injured in 1991 and commenced an action against various alleged tortfeasors. The action was

settled in December 1995. Over one year later, Independent Health Association, Inc. (plaintiff), commenced this action seeking repayment of the amount it had paid for medical expenses incurred by Grabenstatter. Plaintiff alleged that it had a lien on the settlement in the amount of reimbursed medical costs pursuant to the terms of a group health contract. Article XVII (1) of that contract provides that, "[w]hen a Member receives reimbursement for identified hospital, medical, and/or health care expenses as a result of Court action, settlement or medical payments from liability coverage of any party and/or any other reimbursement method, then Member shall reimburse [plaintiff] for such expenses; and [plaintiff] shall have a lien upon such judgment, settlement, payment or other reimbursement to the extent [plaintiff] has paid Member expenses".

The parties began exchanging correspondence in 1994 regarding plaintiff's alleged lien. On December 18, 1995, counsel for Grabenstatter advised plaintiff that plaintiff's lien rights were protected only "to the extent" that Grabenstatter was reimbursed for medical expenses. Plaintiff responded that it had a contractual lien and was entitled to recover $17,962.11, the amount it had paid for Grabenstatter's medical expenses. The parties moved and cross-moved for summary judgment. Supreme Court erroneously granted plaintiff's motion. We deny plaintiff's motion and grant the cross motion of defendants Grabenstatter, Thomas H. Burton, Esq., and Dean P. Smith, Esq., for summary judgment dismissing the complaint against them.

The lien imposed by the group health contract is limited to reimbursement "for identified hospital, medical, and/or health care expenses". Although that provision creates a lien (*cf., Teichman v Community Hosp.*, 87 NY2d 514, 520-521), plaintiff has not established that the settlement included reimbursement for such identified expenses. Nor does the relevant provision give rise to an equitable lien (*see, Teichman v Community Hosp., supra*, at 520).

All concur, Callahan, J., not participating. (Appeal from Order and Judgment of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.